**Chander RAMPAL, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74344.
Agency No. A70–541–673.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 11, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Margot L. Nadel, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

MEMORANDUM \*\*\*

Chander Rampal, a native and citizen of India, petitions for review of the Board of

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

Substantial evidence supports the IJ's reliance upon a critical omission in Rampal's asylum application. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). The omission of the 1992 arrest by the Sikh militants goes directly to the heart of Rampal's claim because the number of arrests by the Sikh militants, when they occurred, as well as the location of the arrests formed the basis of Rampal's alleged persecution and fear of future persecution. *See id.* Substantial evidence also supports the IJ's conclusion that Rampal's explanation for the Sikh militants' inability to find him at the restaurant where he worked for three years was implausible. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). Furthermore, it appears from the record that Rampal did not work at the Sham restaurant during the time that he claimed, because the restaurant had been closed for several years.

Because Rampal did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to consider Rampal's CAT claim because he failed to exhaust the issue with the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

PETITION FOR REVIEW DENIED.